IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JOSHUA SHERIN,

                             Plaintiff,                         OPINION AND ORDER

    v.

                                                                 11-cv-772-wmc

JEFFREY PUGH, PATRICK J. LYNCH,
JEROME A. SWEENY, STEVEN DORF,
and AARON GLEN,

                             Defendants.

---

       In this 42 U.S.C. § 1983 action, plaintiff Joshua Sherin, an inmate at the Stanley Correctional Institution, alleges that defendants denied him access to the courts in violation of the First Amendment by confiscating legal materials relevant to his criminal appeal. The court previously granted Sherin leave to proceed on this claim. (Dkt. #10.) Pending presently before the court now are sundry motions, all filed by Sherin. In the first motion, which is unopposed, Sherin seeks leave to amend and supplement his complaint. (Dkt. #16.) The court will grant that motion. Sherin also seeks assistance from the court in recruiting counsel (dkt. #15); moves to compel Stanley Correctional Institution to release account funds or grant a legal loan (dkt. #21); and moves for a preliminary injunction enjoining Captain Lundmark and Security Director Beugsen from conducting extra mail monitoring (dkt. #23). The court will deny all of these motions for the reasons provided below. Finally, Sherin brings a series of motions to compel defendants' responses to further discovery requests and production of additional documents (dkt. ##27, 29, 30, 31, 55), all of which the court will also deny with one exception.

I.  **Motion for Leave to Amend and Supplement Complaint**

Sherin seeks leave to amend paragraph 66 of his original complaint, which details certain relief requested and provided:

> A TRO and permanent injunction ordering the Defendants and any other employee of the State of Wisconsin to return all legal materials that were seized and prevent them from seizing legal materials of the Plaintiffs.

(Compl. (dkt. #1) ¶ 66.)   Sherin seeks to amend this paragraph to read as follows:

> A [TRO] and Permanent Injunction order the Defendant[]s and any other employee of the State of Wisconsin Department of Corrections and any other employee of the States of Wisconsin not to remove any of the Plaintiff's legal documents, legal reports, and legal materials from the Plaintiff's property and person without Court Order.

(Pl.'s Mot. to Amend (dkt. #16) 1.)

Sherin also seeks leave to supplement his complaint with certain "updated" information.  Specifically, Sherin wishes to add the following alleged facts:

> On November 8, 2011, the Plaintiff filed a motion for Recon[s]ideration in St. Croix County Circuit Court [b]efore Judge Edward F. Vlack.  On February 24, 2012, Honorable Judge Vlack ordered the Plaintiff's Victim's Medical records and School records be returned to the Court.  On February 28, 2012, Kimberly Richardson mailed the documents back to Honorable Judge Edward F. Black on behalf of the Defendants of this case and the Wisconsin Department of Corrections.  The Plaintiff filed all final appeal briefs to the Wisconsin Court of Appeals District Three and is waiting the decision of the Court.

(*Id.*)

Defendants do not oppose plaintiff's motion for leave to amend and supplement his complaint. Moreover, the proposed amendments do not materially change plaintiff's claims. As such, the court will grant the motion.

## II.  Motion to Assist in Recruiting Counsel

Litigants in civil cases do not have a constitutional right to a lawyer. Federal judges must exercise discretion in determining whether assistance in the recruitment of counsel is appropriate in a particular case. *Pruitt v. Mote*, 503 F.3d 647, 654, 656 (7th Cir. 2007). As an initial matter, the court must find that plaintiff has (1) made reasonable, albeit unsuccessful, efforts to find a lawyer on his own or (2) been prevented from making such efforts. *Jackson v. Cnty. of McLean*, 953 F.2d 1070, 1073 (7th Cir. 1992). This requires Sherin to provide the court with the names and addresses of at least three lawyers who declined to represent him in this case. If this initial hurdle is cleared, Sherin must still demonstrate that his is one of those relatively few cases in which the legal and factual difficulty of the case exceeds the plaintiff's ability to prosecute it. *Pruitt*, 503 F.3d at 655.

Sherin has failed altogether to meet the first hurdle. Even if he had, Sherin's motion offers no more justification than conclusory statements like his "imprisonment will greatly limit his ability to litigate," the issues are "complex and will require significant research and investigation," and "this case will likely involve conflicting testimony" at trial. (Pl.'s Mot. to Appoint Counsel (dkt. #15) 1.) These general concerns about bringing a lawsuit from behind bars as a non-attorney are nearly universal

among inmates acting *pro se* and, therefore, almost by definition not an adequate basis for recruiting counsel.

With respect to the complexity of the case, nothing in the record suggests that it is factually or legally difficult. The law concerning plaintiff's claim was explained to him in the court's September 27, 2012, order granting plaintiff leave to proceed on his claims. Plaintiff has personal knowledge of the circumstances surrounding his claim for the unlawful confiscation of his legal materials, which were either justified or not. Accordingly, Sherin's motion to assist in retaining counsel will be denied. This denial, however, is without prejudice to plaintiff renewing his motion at a later stage of the proceedings should a more meritorious unique *and* specific justification present itself.

**III. Motion to Compel Release of Plaintiff's Fund and/or Grant Legal Loan**

The use of release account funds is governed by state law. Wis. Admin. Code § DOC 309.466. According to § 309.466(2), "[r]elease account funds may not be disbursed for any reason until the inmate is released to field supervision, except to purchase adequate clothing for release and for out-of-state release transportation." While the Supremacy Clause of the United States Constitution requires state law to give way to a competing federal law in rare instances, there is no federal law that requires state officials to give prisoners money from their release account to pay the costs of prosecuting a civil lawsuit. This court, therefore, has no constitutional authority to direct

prison officials to release plaintiff's funds at this time.[1] Accordingly, the court will deny Sherin's motion to compel Stanley Correctional Institution to release funds from his release account and/or grant a legal loan.

### IV. Motion for Preliminary Injunction

Sherin also seeks a preliminary injunction against Captain Lundmark and Security Director Beugsen, enjoining them from subjecting his mail to "extra" monitoring. (Dkt. #23.) The court will deny this motion for several reasons. *First*, Sherin's motion is procedurally defective. As an initial matter, Sherin has not named Captain Lundmark and Security Director Beugsen as defendants in this lawsuit. As a general rule, this court will not grant injunctive relief against non-parties. Sherin's motion also fails to comply with this court's procedures for obtaining preliminary injunctive relief, a copy of which will be provided to Sherin with this order. Under these procedures, a plaintiff must file and serve proposed findings of fact that support his claims, along with any evidence that support those proposed findings of fact. Although Sherin represents in his motion that Lundmark and Beugsen have subjected his mail to extra monitoring in violation of his due process rights, Sherin has submitted no proposed findings of fact and underlying

---

[1] In support of his motion, Sherin cites to this court's order in *Ripp v. Nickel*, No. 10-cv-492-bbc (W.D. Wis. Apr. 26, 2012), but the facts of that case are distinct from those here. In *Ripp*, the state defendants refused to provide the plaintiff with postage to allow him to mail his response to the defendant's motion for summary judgment. Here, the docket demonstrates that Sherin has sufficient resources to file myriad motions in this court and serve defendants with repeated discovery requests.

evidence (in the form of an affidavit or otherwise) to which the defendants would be required to respond.

*Second*, even if Sherin's motions were not facially flawed, the court would deny the motion on its merits at this time. Granting preliminary injunctive relief "is an exercise of a very far-reaching power, never to be indulged in except in a case clearly demanding it." *Roland Mach. Co. v. Dresser Indus.*, 749 F.2d 380, 389 (7th Cir. 1984). A district court must consider four factors in deciding whether a preliminary injunction should be granted: (1) whether the plaintiff has a reasonable likelihood of success on the merits; (2) whether the plaintiff will have an adequate remedy at law or will be irreparably harmed if the injunction does not issue; (3) whether the threatened injury to the plaintiff outweighs the threatened harm an injunction may inflict on defendant; and (4) whether the granting of a preliminary injunction will disserve the public interest. *Pelfresne v. Vill. of Williams Bay*, 865 F.2d 877, 882-83 (7th Cir. 1989).

Here, Sherin appears unlikely to succeed on his claim that extra mail monitoring constitutes a violation of his due process rights. "The right to send and receive mail does not preclude officials from reviewing or censoring inmate mail." *Franklin v. Wall*, No. 12-cv-614-wmc, 2013 WL 1399611, at *3 (W.D. Wis. Apr. 5, 2013) (citing *Wolff v. McDonnell*, 418 U.S. 539, 575-76 (1974); *Rowe v. Shake*, 196 F.3d 778, 782 (7th Cir. 1999)). "In that respect, it is well established that inspection of personal mail for contraband is a legitimate prison practice, justified by the important governmental interest in prison security." *Franklin*, 2013 WL 139961, at *3; *see also Gaines v. Lane*, 790

6

F.2d 1299, 1304-05 (7th Cir. 1986). Accordingly, the court will deny plaintiff's motion for a preliminary injunction.

**V. Motion to Compel Discovery**

For the most part, plaintiff's motions to compel challenge defendants' refusal to disclose information regarding criminal charges, disciplinary actions and other prisoner lawsuits filed against the individual defendants. (*See* dkt. ##27, 29, 30, 31 (interrogatory nos. 1-5 and document request nos. 1-5).) In opposing these requests, defendants accurately characterize them as unjustified "fishing expeditions," having the potential to embarrass, harass and undermine the defendants' ability to do their day-to-day jobs within the penal institutions in which they work. (Defs.' Resp. (dkt. #46) 5.) Because these discovery requests are in no way focused on the specific conduct alleged in plaintiff's complaint, they are both overbroad and unlikely to lead to the discovery of admissible evidence. In his most recent motion, Sherin seeks information about training materials relating to "sovereign citizenship" but offers no plausible explanation why this information would be relevant to the case. (Dkt. ##55, 56.) Indeed, if anything this latest request demonstrates that Sherin's discovery requests are either intended to harass defendants or reflect his inability to cabin his discovery to an even arguably relevant scope.

Although also overbroad in requesting copies of whole training manuals or a list of all training received by these defendants (*see* dkt. #31 (interrogatory request nos. 18, 19 and document request no. 11)), the court will require that defendants (1) respond with a

7

list of training, if any, that defendants have received with respect to an inmate's right to access to legal documents necessary to litigation and (2) produce portions of any written materials with respect to such training and/or excerpts from manuals on the same subject.

ORDER

IT IS ORDERED that:

1) Plaintiff Joshua Sherin's motion for leave to amend and supplement his complaint (dkt. #16) is GRANTED;

2) Plaintiff's motion for assistance in the recruitment of counsel (dkt. #15) is DENIED;

3) Plaintiff's motion to compel Stanley Correctional Institution to release account funds or grant a legal loan (dkt. #21) is DENIED;

4) Plaintiff's motion for a preliminary injunction enjoining Captain Lundmark and Security Director Beugsen from conducting extra mail monitoring (dkt. #23) is DENIED; and

5) Plaintiff's motions to compel discovery (dkt. ##27, 29, 30, 31, 55) are DENIED except that defendants shall: (1) respond with a list of training, if any, that defendants have received with respect to an inmate's right to access to legal documents necessary to litigation and (2) produce portions of any written materials with respect to such training and/or excerpts from manuals on the same subject.

Entered this 5th day of September, 2013.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge